**EXHIBIT A**

ELECTRONICALLY FILED
2/9/2011 11:27 AM
CV-2011-900095.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING HALL, CLERK

FILED
2011-Mar-01 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | |
|---|---|
| **TAMMY C. PRESTON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) Case No.: _____ |
| | ) |
| **VANDERBILT MORTGAGE AND FINANCE,** | ) |
| **INC. and EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.;** | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1. Plaintiff Tammy C. Preston is a resident of St. Clair County, over 19 years of age, and is competent to bring this action.

2. Defendant Vanderbilt Mortgage and Finance, Inc. (hereinafter "Vanderbilt") is a Tennessee corporation with its principal place of business located in Louisville, Tennessee and was doing business in St. Clair County, Alabama at all times material to this Complaint.

3. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business located in Orange, California and was doing business in St. Clair County, Alabama at all times material to this Complaint.

### FACTUAL ALLEGATIONS

4. In February, 2004, Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Alabama, with a case number of 04-00919-

TBB7.

5. In her Chapter 7 bankruptcy petition, Plaintiff included Defendant Vanderbilt Mortgage in her schedules as one of her creditors holding secured claims.

6. Plaintiff's case was discharged by Order of The Honorable Thomas B. Bennett, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Alabama on May 26, 2004.

7. On or about June 11, 2010, Plaintiff obtained her credit report from Defendant Experian.

8. The credit report Plaintiff obtained from Defendant Experian incorrectly listed the Vanderbilt Mortgage trade line showing the account as open, a past due amount as of May 2010, a credit limit, a recent balance, and a monthly payment.

9. Further, the credit report published by Defendant Experian states on the Vanderbilt Mortgage trade line, "This item was verified and updated on Dec 2005." However, the discharge Order, which included Defendant Vanderbilt mortgage, was rendered by Judge Thomas B. Bennett on May 26, 2004.

10. On or about August 9, 2010, Plaintiff sent a letter to Defendant Experian disputing the Vanderbilt Mortgage trade line and requesting Defendants Experian and Vanderbilt correct the trade line to make her credit report accurate.

11. Defendant Experian responded to Plaintiff's request with Report number 0806-9911-60 requiring Plaintiff to provide identification to prove it was her who was requesting corrections be made to her credit file to make her report accurate.

12. Specifically, Defendant Experian required Plaintiff to provide a copy of a government issued identification card and a copy of a utility bill or an insurance statement for it to

consider her dispute.

13. Although this was an inconvenience to Plaintiff and cost her more time and expense in re-disputing the inaccurate trade line she had already properly disputed with Defendants Experian and Vanderbilt, Plaintiff complied with Defendants' instructions and once again provided the account number of the Vanderbilt Mortgage account she included in her bankruptcy, the city where the bankruptcy case was filed, and the name and telephone number of her bankruptcy attorney.

14. Further, Plaintiff also provided Defendants with copies of her driver license and a copy of a utility bill to prove it was actually her who disputing the trade line regarding her Vanderbilt Mortgage account.

15. Plaintiff sent this information via first class United States certified mail, return receipt requested on September 10, 2010.

16. Defendant Experian responded with Report number 2016-4050-44, dated September 16, 2010 which stated, "We have already investigated this information and the credit grantor has verified its accuracy."

17. Further, the report stated, "Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not be investigating your dispute again at this time" meaning Defendant experian deemed Plaintiff's valid request to investigate and correct the inaccurate information on her credit file as frivolous or irrelevant even though Plaintiff provided Defendant Experian with the Vanderbilt mortgage account number and information she was disputing, the name and phone number of the bankruptcy attorney who filed her bankruptcy case that included Vanderbilt mortgage in the schedules, the jurisdiction where she filed the bankruptcy, and a copy of her driver's license and a utility bill to show it was actually her who was disputing inaccuracies in her credit file.

18. The debt at issue is a "consumer debt" as defined by the FDCPA.

19. Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

20. Plaintiff requested the Vanderbilt Mortgage account be corrected, as Defendants Experian and Vanderbilt are not reporting this account correctly.

21. Plaintiff requested Defendant Experian to contact Defendant Vanderbilt, her own bankruptcy attorney, or the United States Bankruptcy Court to verify that Plaintiff had indeed filed for bankruptcy including the Vanderbilt account at issue.

22. No Defendant was concerned or cared about the information provided them by Plaintiff as no Defendant had any intention of performing a reasonable investigation.

23. In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

24. Defendant Experian notified Defendant Vanderbilt in accordance with the FCRA of the dispute by the Plaintiff.

25. Alternatively, Defendant Experian did not properly notify Defendant Vanderbilt, and as a part of this failure, did not include all relevant information provided by Plaintiff in its notification of Defendant Vanderbilt.

26. This includes notification that Plaintiff had placed the account in her bankruptcy.

27. All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the account would have been corrected.

28. The reports of Defendant Experian to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendant Experian shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

29. All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Vanderbilt through its bankruptcy counsel that Plaintiff included Defendant Vanderbilt in her bankruptcy) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

30. Defendant Experian has proclaimed in the past it was obligated to rely upon whatever the public records state about a consumer.

31. Defendant Experian, however, refused to rely upon public information available from the United States Bankruptcy Courts to confirm what Plaintiff reported to it was true and correct.

32. Despite this knowledge, Defendant Experian has completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Vanderbilt, has told them to say.

33. Defendant and Experian has a policy to favor the paying customer, in this situation Defendant Vanderbilt, rather than what the consumer or even a court says about a debt.

34. The primary reason for this wrongful policy is that furnishers in general provide enormous financial rewards to these Defendants.

35. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and creditors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

36. Defendant Vanderbilt has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Vanderbilt knows no balance is owed.

37. Defendant Vanderbilt promises through its subscriber agreements or contracts to accurately update accounts but Defendant Vanderbilt has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

38. Defendant Vanderbilt had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

39. Defendant Vanderbilt has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

40. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

41. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

42. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to

conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

43. At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

44. Defendant Vanderbilt failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

45. Defendant Vanderbilt has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

46. Defendant Experian has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

47. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

48. It is a practice of Defendant Vanderbilt to maliciously, willfully, recklessly, wantonly

and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

49. It is a practice of Defendant Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

50. All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

51. All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

52. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

 actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

53. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

54. Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. §

1681a(f).

55. Defendant Vanderbilt is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

56. Plaintiff notified Defendant Experian directly of a dispute on the Defendant Vanderbilt's account's completeness and/or accuracy, as reported.

57. The credit reporting agency failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

58. Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

59. Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the account was placed in bankruptcy yet apparently failed to review the court file, contact the bankruptcy court, and/or contact counsel for Defendant Vanderbilt and/or other proper and reasonable measures.

60. All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

61.     All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

## DEFAMATION

62.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63.     Defendant Vanderbilt published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

64.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

65.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

66.     Plaintiff has been damaged as a proximate result of Defendant Vanderbilt's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Vanderbilt for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## INVASION OF PRIVACY

67. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

68. Defendant Vanderbilt recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

69. Plaintiff has been damaged as a proximate result of Defendant Vanderbilt's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Vanderbilt for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

70. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

71. Defendant Vanderbilt has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

72. Defendant Vanderbilt has agreed to follow and understands it must follow the requirements of the FCRA.

73. Defendant Vanderbilt has a duty under Alabama law to act reasonably under the circumstances.

74. Defendant Vanderbilt has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

75. Defendant Vanderbilt violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

76. Defendant Experian violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties these Defendants had or owed to Plaintiff.

77. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

    s/Wesley L. Phillips
    Wesley L. Phillips (PHI053)
    Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

                                                      s/Wesley L. Phillips
                                                      OF COUNSEL

Plaintiff's Address:
1507 US Highway 11
Trussville, Alabama 35173


**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**


Vanderbilt Mortgage and Finance, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104